IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 SEP -7 P 3: 06

| | | |
|---|---|---|
| BEHAVIORAL HEALTH CONCEPTS, INC. a California Corporation, | ) ) ) ) | |
| plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:07cv806-n(MHT) |
| BULLOCK COUNTY HOSPITAL; INMED GROUP, INC. d/b/a BULLOCK COUNTY HOSPITAL FICTITIOUS PARTIES 1-5, who own, operate, or manage the Bullock County Hospital, | ) ) ) ) ) ) ) | |
| defendants. | ) ) | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Behavioral Health Concepts, Inc., is a corporation organized under the laws of the state of California with its principal place of business in San Clemente, California;

2. Defendant, Bullock County Hospital, is an acute care hospital in Bullock County, Alabama.

3. Defendant, InMed Group, Inc., is a corporation organized under the laws of the state of Alabama with its principal place of business in Montgomery, Alabama.

4. Fictitious Defendants 1-5, whose identities are unknown at this time to plaintiff, own, operate, or manage the Bullock County Hospital and participated in the scheme to cause harm to plaintiff. Fictitious Defendants' names will be substituted by amendment when their identities are ascertained.

## STATEMENT OF JURISDICTION

5.   This Court has jurisdiction of this action pursuant to 28 U.S.C.A. 1332(a). Plaintiff, Behavioral Health Concepts, Inc., is a California corporation and defendants Bullock County Hospital and InMed Group, Inc. are Alabama corporations. The amount in controversy exceeds the sum of $75, 00.00 exclusive of interest and costs.

## STATEMENT OF FACTS

6.   Plaintiff, Behavioral Health Concepts, Inc. ("BHC"), manages and operates inpatient Geopsychiatric, Chemical Dependency, and other Behavioral Health Programs in general acute care hospitals throughout the United States, including Bullock County, Alabama. Defendant Bullock County Hospital is an acute care hospital located in Union Springs, Alabama. On information and belief, defendant InMed Group, Inc. owns Bullock County Hospital.

7.   On October 1, 2004, plaintiff and defendants entered into a Management Agreement ("Agreement") pursuant to which BHC agreed to manage and operate inpatient Behavioral Health Programs at the Bullock County Hospital for a period of three (3) years. The Agreement provides for monthly fees to be paid by defendants to BHC and for an annual adjustment of fees based on the National Consumer Price Index for Hospital and other Medical Services. BHC has complied with the terms of the Agreement and has timely billed for its services. The Agreement expires by its terms on September 30, 2007. Defendants currently owe plaintiff fees totaling $257,551.66 and accrued interest of $22,364.79 for services rendered by BHC and accepted by Bullock County Hospital.

8.   On May 29, 2007, Bullock County Hospital notified BHC that the Agreement is due to expire on September 30, 2007, and will not be renewed. The Administrator of the

Hospital, Benton L. Busbee, PhD ("Dr. Busbee"), informed BHC as follows with respect to payment of the balance owing to BHC under the Agreement:

> We appreciate the expertise and professionalism BHC has provided our program(s) over the past few years. Within the next ten working days we will provide BHC a detailed balance sheet and payment plan for the balance on our account.
>
> Please feel free to call or e-mail me if you have any questions or need additional information. Also, it would be my pleasure to recommend your services to other behavioral programs. Feel free to use Bullock County Hospital as a reference source for future clients.

9. On information and belief, one or more of the defendants instructed Dr. Busbee to renege on his commitment to BHC on May 29, 2007, to provide a "payment plan for the balance of our account". On June 28, 2007, only 30 days after praising BHC and agreeing to pay "the balance on our account", Dr. Busbee advised BHC in relevant part:

> It is our desire to terminate the existing contract immediately. The balance of payments for services rendered, we feel should be adjusted due to the continued and severe breach of covenants as mentioned above. A balance of seventy five thousand dollars ($75,000.00) will be paid to Behavioral Health Concepts.
>
> I feel this is a fair and equitable arrangement given the circumstances and the operational status of the hospital's Behavioral Health Program.

10. Approximately three weeks later, on July 12, 2007, defendants declared BHC in default of its contractual obligations and threatened BHC that if BHC did not accept a nominal payment from Bullock County Hospital in satisfaction of the debt owed by the Hospital to BHC, the Hospital would seek to prevent BHC from enforcing the Agreement in the courts of Alabama. In a letter to BHC, dated July 12, 2007, defendants, through their legal counsel, advised BHC in relevant part:

Furthermore, should BHC seek to file an action in the Alabama, Alabama Code §10-2B-15.02 renders the Agreement void and unenforceable. Under §10-2B-15.02, a "foreign corporation doing business in [Alabama] without qualifying cannot use [Alabama] courts to enforce its contracts." Brown v. The Pool Depot, Inc., 853 So.2d 181, 184-85 (Ala. 2002) (citation omitted). The Agreement identified BHC as a California corporation. However, the Secretary of State for Alabama shows no record that BHC has ever qualified to do business in Alabama.

## COUNT ONE

## BREACH OF CONTRACT

11. Plaintiff adopts and incorporates herein by reference above paragraphs 1-10.

12. Defendants breached the October 1, 2004 Management Agreement by failure to pay for services rendered by BHC. The current balance outstanding under the Agreement is $257.551.66. The Management Agreement provides that the Bullock County Hospital shall pay interest to BHC of 1.5% per month or the lesser of this rate and the highest legal rate on all fees unpaid for more than 20 days. At 1.5% per month, interest of $22,364.79 has accrued as of September 5, 2007.

WHEREFORE, plaintiff demands judgment against defendants in the amount of $257,551.66, plus interest accrued at the rate provided for in the Agreement and the reasonable costs and expenses of this action, including but not limited to attorney's fees and court costs. Plaintiff demands judgment for all other and different relief to which it may be entitled in the premises.

## COUNT TWO

## UNJUST ENRICHMENT

14. Plaintiff adopts and incorporates herein by reference above paragraphs 1-10.

15. Plaintiff conferred a benefit upon Bullock County Hospital in the form of services rendered to Bullock County Hospital.

4

16. Bullock County Hospital had an appreciation and knowledge of the benefit conferred by plaintiff.

17. Bullock County Hospital accepted and/or retained the benefits conferred upon it by plaintiff's provision of services.

18. Under the circumstances, it is inequitable for Bullock County Hospital to receive and retain the benefits conferred upon it by plaintiff without payment to plaintiff of the fair value of said benefits.

WHEREFORE, plaintiff demands judgment against defendants in the amount of $257,551.66, plus interest accrued at the rate provided for in the Agreement, and the reasonable costs and expenses of this action, including but not limited to attorney's fees and court costs. Plaintiff demands judgment for all other and different relief to which it may be entitled in the premises.

## COUNT TWO

## PROMISSORY FRAUD

19. Plaintiff adopts and incorporates herein by reference above paragraphs 1-10.

20. On numerous occasions in 2006 and 2007, including but not limited to the letter from Dr. Busbee to BHC on May 29, 2007, defendants promised to make additional payments to BHC. BHC relied on defendants' promises of payment and continued to provide services under the Agreement at substantial cost to plaintiff. As a result of said reliance, plaintiff suffered damages in the amount of $257,551.66 for services that were provided to the Bullock County Hospital after January 1, 2006. Between January 1, 2006 and June 13, 2007, Bullock County Hospital made regular partial payments to BHC. The last such payment in the amount of $8,308.11 was made on June 13, 2007. Such payments were made throughout 2006 and

2007 with assurances and promises of full payment as funds became available to the Hospital to pay BHC. BHC believed in good faith that the Hospital would pay BHC in full as funds became available to the Hospital. On more than one occasion, the Hospital represented to BHC's president, Fred Delloye, that BHC would be paid as soon as the Hospital repaid Medicare for overpayments by Medicare to the Hospital in prior years. Defendants' promises to pay BHC were made negligently, recklessly, or intentionally and with knowledge that the Hospital would not have the funds to pay BHC or with the intention of not paying BHC whether or not funds were available. BHC has at all times acted in good faith and in reliance to its detriment on the promises by defendants to make full payment to BHC when funds became available to the Hospital.

WHEREFORE, plaintiff demands judgment against defendants in the amount of $257,551.66, plus interest accrued at the rate provided for in the Agreement, and the reasonable costs and expenses of this action, including but not limited to attorney's fees and court costs. Plaintiff also demands punitive damages in an amount deemed appropriate by the Court. Plaintiff also demands judgment for all other and different relief to which it may be entitled in the premises.

/s/ Marvin H. Campbell
_____
Marvin H. Campbell (CAM019)
Attorney for Plaintiff
BEHAVIORAL HEALTH CONCEPTS, INC.
P.O. Box 4979
Montgomery, AL 36103-4979
Phone: (334) 263-7591
Fax: (334) 832-9476
E-Mail: mhcfirm@aol.com

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000366
Cashier ID: cstrecke
Transaction Date: 09/07/2007
Payer Name: MARVIN H CAMPBELL

CIVIL FILING FEE
  For: MARVIN H CAMPBELL
  Case/Party: D-ALM-2-07-CV-000806-001
  Amount:         $350.00

CHECK
  Remitter: MARVIN H CAMPBELL
  Check/Money Order Num: 7700
  Amt Tendered:  $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DALM207CV806-MHT
```

BEHAVIORAL HEALTH V BULLOCK CO HOSPITAL ET AL

MARVIN H CAMPBELL

407 S MCDONOUGH STREET

MONTGOMERY, AL  36104